UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALBERT J. SLINEY, Petitioner, | ) | |
| v. | ) | CA No.: 05-033ML |
| UNITED STATES, Respondent. | ) | |

**MOTION FOR ENTRY OF FINAL JUDGMENT**
**PURSUANT TO FED. R. CIV. P. RULE 54(b)**
**WITH AFFIDAVIT IN SUPPORT**

Comes now I, ALBERT J. SLINEY (hereinafter 'Petitioner') the Petitioner in the above captioned matter, whom pursuant to Fed. R. Civ. P. Rule 54(b), does so move this Honorable Court for entry of the Court's April 11, 2005 Order [Exhibit-A attached] as one of final judgment.

In support of granting this motion, Petitioner provides the following:

1. Petitioner's Motion To Be Provided Grand Jury Transcripts was mistakenly filed under the same case number assigned to Petitioner's pending 28 U.S.C. § 2255 Motion, and was thus decided as a collateral motion to Petitioner's § 2255 Motion.

2. Petitioner presented above referenced Motion To Be Provided Grand Jury Transcripts to be filed as a separate action independent of Petitioner's § 2255 Motion, as that the granting or denial of said motion would have a significant impact on how the issues presented in Petitioner's pending § 2255 Motion will be decided.

3. The facts and information provided in the transcirpts requested in Petitioner's Motion To Be Provided Grand Jury Transcripts, prove facts which irrefutably establish the principles and las which demand Petitioner to be granted the releef sought in Petitioner's pending § 2255 Motion.

4. The grand jury transcripts requested by Petitioner clearly show that Petitioner was placed in custody, and interrogated while in custody without first being miranderized. Where such facts and information were made available during the grand jury proceedings, the Government's attorney was properly notified of such facts and information, and knew or should have known that any statements made by Petitioner during said custodial interrogation could not be used directly in the Government's case-in-chief against Petitioner at trial.

5. The District Court has denied Petittioner's Motion To Be Provided Grand Jury Transcripts, based solely upon the Court's "belief" that former trial counsel has, on two separate occasions, forwarded the grand jury transcripts Petitioner has motioned to be provided.

6. Petitioner has not, at any time, been provided by former trial counsel the grand jury transcripts Petitioner was ordered by motion to be provided.

7. Where Petitioner has not been provided the grand jury transcripts requested, and said transcripts will prove facts necessary to the correct and just determination of one or more of the issues presented in Petitioner's pending § 2255 Motion,

denial of Petitioner's Motion To Be Provided Grand Jury Transcripts must be considered a violation of constitutional protections of due process.

8. Denial of Petitioner's Motions Tio Be Provided Grand Jury Transcripts raises questions of significant constitutional consern, and Petitioner should be allowed immediate recourse to address those questions prior to a final determination of Petitioner's pending § 2255 Motion.

WHEREFORE, based upon the foregoing, Petitioner prays this Honorable Court grant this motion and enter April 11, 2005 Order as a final judgment in accordance with Fed. R. Civ. P. Rule 54(b).

June 1st, 2005

Respectfully Presented,

ALBERT J. SLINEY, pro se
BOP REG. NO. 04965-070
FCI RAY BROOK
P.O. BOX 9006
RAY BROOK, NEW YORK 12977

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ALBERT J. SLINEY

v. CA 05-033ML

UNITED STATES OF AMERICA

ORDER

Petitioner has filed a motion to "Provide Petitioner with Grand Jury Transcripts to Prepare and Support Legal Arguments in § 2255 Motion." In October, 2004, in response to an inquiry by the Court, petitioner's trial counsel advised that in June, 2004, he forwarded to petitioner a complete copy of his file. Petitioner's counsel further advised that in October, 2004, he "again" forwarded to petitioner "a complete copy of [his] entire case file in this matter including transcripts and all requested materials." Petitioner has now received two copies of his trial counsel's entire file, including the transcripts he now seeks. He offers no explanations as to why he needs a third copy. His motion is therefore DENIED.

SO ORDERED:

Mary M. Lisi
United States District Judge
April 11, 2005

Exhibit A

13