**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

ALBERT J. SLINEY,
Movant,

-vs-

UNITED STATES OF AMERICA,
Respondent.

CA 05-033 ML

Civil Action No. ____________
Criminal Case No. 05-CV-033-ML

**MOTION FOR RELIEF FROM JUDGMENT AND ORDER**

Comes now I, ALBERT J. SLINEY (hereinafter 'Movant') the Movant in the above captioned matter, whom pursuant to F.R.Civ.P. Rule 60(b)(1) and 60(b)(3), or in the alternative 60(b)(6), moves this Honorable Court for relief from the final Judgment and Order entered on April 11, 2005 denying Movant's **MOTION TO PROVIDE PETITIONER WITH GRAND JURY TRANSCRIPTS TO PREPARE ADN SUPPORT LEGAL ARGUMENTS RAISED IN § 2255 MOTION** (hereinafter 'Motion For Grand Jury Transcripts').

Movant contends that this Honorable Court has mistakenly relied on false or misleading information in forming the "judgment" upon which the Court issued an Order denying the aforementioned Motion. Moreover, that the [false or misleading] information mistakenly relied on by t he Court was provided to intentionally decieve the Court, and thus constitutied fraud upon the Court. Based on these contentions Movant now seeks relief.

In support of granting this motion Movant provides the following facts and legal discussion:

**FACTS:**

1. On October 19, 2004, Mary M. Lisi (hereinafter 'Judge Lisi') U.S. District Court Judge for the District of Rhode Island, GRANTED a petition for an Order compelling trial counsel to foward to Movant the entire case file, and all other requested materials in relation to the above captioned matter.

2. On November 8, 2004, Movant did forward to be filed with Clerk's Office a NOTICE OF FAILURE TO COMPLY WITH COURT'S ORDER COMPELLING FORMER COUNSEL TO PROVIDE REQUESTED INFORMATION, and REQUEST FOR SWORN DECLARATION REGARDING POSSESSION OF REQUESTED TRANSCRIPTS. These documents were also served upon former trial counsel William J. Murphy (hereinafter 'Mr. Murphy').

3. Mr. Murphy has not, as of December 13, 2005, prepared and served upon Movant a sworn declaration responding to the questions presented in Movant's REQUEST FOR SWORN DECLARATION REGARDING POSSESSION OF REQUESTED TRANSCRIPTS. Mr. Murphy also has not provided any response to Petitioner, nor to the Court, regarding Movant's NOTICE OF RAILURE TO COMPLY WITH COURT'S ORDER COMPELLING FORMER COUNSEL TO PROVIDE REQUESTED INFORMATION.

4. Movant has not been provided with the following documents or materials which Mr. Murphy has claimed are or were in Mr. Murphy's possession: (1) grand jury and voir dire transcripts, (2) investigative reports, (3) records of witness interviews, and (4) records of dates and times Mr. Murphy visited or consulted with Movant prior to trial.

5. The documents and materials referenced in paragraphs "4" above were made a part of Movant's case file [Case No.: 01-012-ML], but even were they not, Movant requested that Mr. Murphy provide them individually as well.

6. Movant has not, at any time received any copy or copies of the grand jury transcripts that Mr. Murphy was compelled to provide to Movant.

7. On April 11, 2005, seemingly based upon statements or information Movant has not been made aware of by Judge Lisi or Mr. Murphy, Judge Lisi DENIED Movant's MOTION TO PROVIDE PETITIONER WITH GRAND JURY TRANSCRIPTS TO PREPARE AND SUPPORT LEGAL ARGUMENTS RAISED IN § 2255 MOTION. The factual grounds cited for Judge Lisi's denial was that Mr. Murphy had twice forwarded to Movant "a complete copy of [his] entire case file in this matter including transcripts and all requested materials." (emphasis added). However, Judge Lisi's Order denying Movant's motion did not expressly state nor reference the source of the information relied upon, that was the basis for the finding that Mr. Murphy had twice forwarded Movant "a complete copy of [his] entire case file in this matter including transcripts and all requested materials."

**DISCUSSION:**

As the above facts reflect, Movant should be granted relief from the judgment that was based on fraudulantly presented false and misleading information that this Court mistakenly relied on as grounds to deny Movant's previously filed motion. Movant does so meet the requirements for relief in accordance with F.R.Civ.P. Rule 60(b)(1) and 60(b)(3), or in the alternative 60(b)(6):

**A. MOVANT'S MOTION FOR RELIEF FROM JUDGMENT AND ORDER IS TIMELY:**

The F.R.Civ.P. Rule 60(b)(1) and 60(b)(3) require that any motion(s) made pursuant thereto must be made within a year of the Judgment and Order from which relief is sought. See F.R.Civ.P. Rule 60(b) et seq. The Judgment and Order from which relief is hereby sought was entered April 11, 2005, thus Movant's motion for relief from that Judgment and Order is timely.

**B. MOVANT'S MOTION FOR RELIEF FROM JUDGMENT AND ORDER IS MERRITORIOUS AND SUPPORTED BY UNDISPUTED FACTS:**

The facts as presented herein above can not be, nor have not been, disputed by Movant's former court appointed counsel Mr. Murphy, and are wholly supported by the record of the filings listed on the docket sheet in Case No.: 05-CV-033-ML (hereinafter 'Record'). The Record clearly shows that Movant noticed the Court of Mr. Murphy's failure to comply with this Court's Order [entered October 19, 2004], compelling Mr. Murphy to provide Movant with entire case file pretaining to Case No.: 01-012-ML. That notice was filed with the Clerk's Office approximately six (6) months prior to the entry of the Judgment and Order from which Movant now seeks relief.

Since the filing of the notice of Mr. Murphy's failure to comply with this Court's Order compelling Mr. Murphy to provide Movant with entire case file, Movant has unsucessfully sought to obtain from Mr. Murphy the information and/or other materials Mr. Murphy failed to forward to Movant, which included the grand jury transcripts that this Court mistaken believes Mr. Murphy has provided to Movant.

It is a fact that Mr. Murphy **HAS NOT** at any time provided Movant with the grand jury transcripts requested, and Mr. Murphy could not have provided this Court with any factual proof which shows otherwise, as that such proof simply does not exist because it never happened. In support of this fact, Movant alleges as fact that there exists a recorded conversation between Movant and Mr. Murphy's secretary concerning the possessionand fowarding of the grand jury transcripts Movant requested from Mr. Murphy.

During that conversation between Movant and Mr. Murphy's secretary, which occurred on June 15, 2005, Mr. Murphy's secretary unequivocally stated that Mr. Murphy was and had not ever been n possession of the grand jury transcripts requested by Movant. Such a declaration is supported by the Record, as that the Record reflects that Mr. Murphy has not ordered nor been provided any copy of the transcripts of the grand jury proceeding(s) pretaining to Case No.: 01-012-ML. Thus the concluded finding of the Court, that Mr. Murphy has twice provided Movant with the requested copies of the grand jury transcripts requested, is totally unsupported by fact or credible information.

Therefore this Court has mistakenly relied on false and/or misleading information to deny Movant's Motion For Grand Jury Transcripts. Furthermore, the finding of this Court, that Mr. Murphy did twice provide Movant with requested grand jury transcripts, implies that this Court was provided purported factual information that Mr. Murphy had forwarded Movant such grand jury transcripts. If this is so, and logic would dictate that this was the case, as surely this Court would not make a finding that Movant had

been provided the requested transcripts without any information to support such a finding, then without doubt fraud has been committed upon this Court.

Even in absence of the statements of Mr. Murphy's secretary - that Mr. Murphy was and has not ever been in possession of the grand jury transcripts requested - Mr. Mprphy has not at any time provided Movant or this Court with a sworn declaration contradicting the sworn statements of Movant. Thus, in accordance with F.R.Civ.P. Rule 8(d), all of Movant's uncontradicted sworn statements MUST be taken as fact. Therefore, there exists the basis for fraud upon the Court, even in absence of the recorded statements of Mr. Murphy's secretary, as Movant has unwaiveringly maintained that Mr. Murphy has not provided the grand jury transcripts requested. This would obviously establish that any information to the contrary presented to this Court would constitute an intentional fraud upon this Court.

**CONCLUSION:**

The facts and matters as hereto presented clearly establishes the basis for relief from judgment pursuant to F.R.Civ.P. Rule 60(b)(1) and 60(b)(3), or in the alternative Rule 60(b)(6). Thus the relief Movant seeks herein should be granted. As well, that this Court may be able to make a fair, impartial and just determination of this motion, Movant would request that this Court (a) subpeonathe June 15, 2005 phone conversation between Movant and Mr. Murphy's secretary now in the custody of the Bureau of Prisons, (b) require Mr. Murphy to file with the

Clerk's Office written proof of prior possession of the grand jury transcripts requested, and (c) require Mr. Murphy to file a sworn declaration concerning the information and materials that he has forwarded to Movant. In the alternative Movant requests an evidentiary hearing to present evidence snd testimony concerning this motion prior to it being ruled upon.

**PRAYER FOR RELIEF:**

WHEREFORE, based upon all of the foregoing, Movant prays this Honorable Court to GRANT this motion, vacate the Judgment and Order denying Movant's Motion For Grand Jury Transcripts, and issue an Order to the United States Attorney's Office to provide Movant with the grand jury transcripts pertaining to Case No.: 01-012-ML.

December 14, 2005

Respectfully Presented,

Albert Sliney

ALBERT J. SLINEY, pro se
BOP REG. NO. 04965-070
FCI RAY BROOK
P.O. BOX 9006
RAY BROOK, NEW YORK 12977

**P E R J U R Y   J U R A T**

I, ALBERT J. SLINEY, the Movant in the above captioned matter and the undersigned hereunder, do so hereby affirm under penalty of perjury, pursuant to 28 U.S.C. § 1746(1), that all of the foregoing facts and matters stated herein are true and correct.

December 14, 2005

Albert Sliney

ALBERT J. SLINEY, pro se

# CERTIFICATE OF SERVICE

I, ALBERT J. SLINEY, the Movant in the foregoing and the undersigned hereunder, do so affirm under penalty of perjury, pursuant to 28 U.S.C. § 1746(1), that a true and correct copy of the foregoing **MOTION FOR RELIEF FROM JUDGMENT AND ORDER**, having been properly packaged with adequate first class postage affixed thereupon, was addressed to be delivered by U.S. mail to:

Zecharia Chafee
Assistant U.S. Attorney
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, Rhode Island 02903

So done this 14 day of December 2005

Respectfully Presented,

Albert Sliney

ALBERT J. SLINEY, pro se
BOP REG. NO. 04936-070
FCI RAY BROOK
P.O. BOX 9006
RAY BROOK, NEW YORK 12977