UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALBERT J. SLINEY,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-CV-033ML |

**PETITIONER'S RESPONSE TO GOVERNMENT'S MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND ORDER**

I, ALBERT J. SLINEY (hereinafter 'Petitioner'), in response to government's objection to Petitioner's motion for relief from judgment and order, do so hereby provide the following facts and matters showing that the government's objection is meretricious and Petitioner's motion for relief should be granted.

The government bases its objection upon two premises: (1) Petitioner should have a copy of the contents of the file of his case held by his former lawyer, and if such case file contained a copy of grand jury transcripts Petitioner would have been provided a copy of the grand jury transcript, but if not then Petitioner will not have it, and (2) It is not former defense counsel's obligation to provide more than he has in his [counsel's] file. Based on these primises, it would seem that the government is suggesting, and clearly wishes the court to conclude, that even if Petitioner has not received the grand jury transcript such a fact would be irrelevant. This is hardly the case.

**RELEVANCY OF NONE RECEIPT OF GRAND JURY TRANSCRIPT**

In this instant matter Petitioner is seeking relief from a denial of Petitioner's "Motion to Provide Petitioner with Grand Jury Transcripts to Prepare and Support Legal Arguments in § 2255 Motion", as Petitioner contends that the sole basis upon which that denial rests was a misguided belief by the Court that Petitioner's trial counsel provided the grand jury transcript Petitioner sought. Thus whether Petitioner's trial counsel actually provided Petitioner a copy of the grand jury transcript is indeed relevant.

As it is obviously stated in the order denying the aforesaid motion, the Court determined that:

> "In October, 2004, in response to an inquiry by the Court, petitioner's trial counsel advised that in June, 2004, he forwarded to petitioner a complete copy of his file. Petitioner's counsel futher advised that in October, 2004, he "again" forwarded to petitioner "a complete copy of [his] entire case file in this matter INCLUDING TRANSCRIPTS AND ALL REQUESTED MATERIALS." Petitioner has now received two copies of his trial counsel's entire file, INCLUDING THE TRANSCRIPTS HE NOW SEEKS."

As the foregoing undoubtedly evinces, the Court's denial of Petitioner's motion was founded solely on the "assumed fact" that trial counsel twice fowarded Petitioner the grand jury transcript, and that this assumed fact was in turn "concluded" from the Court's inquiry with Petitioner's former trial counsel. That assumed fact is not supported by the record.

The Court Clerk's record of the entire proceedings, beginning with Petitoner's indictment through to Petitioner's trial, shows that Petitioner's trial counsel NEVER ordered the grand jury

transcript that trial counsel claims he twice forwarded to Petitioner. Hence, it stands to reason, that it would be an impossibility for trial counsel to forward Petitioner that which trial counsel never possessed. However, accepting arguendo that trial counsel was able to acquire possession of the grand jury transcript by some other means, this fact would only further undermine the government's objection.

## TRIAL COUNSEL WAS OBLIGATED TO PROVIDE ALL REQUESTED MATERIALS

On October 19, 2004, a motion was granted directing Petitioner's former counsel to provide Petitioner with the entire case file and ALL OTHER REQUESTED MATERIALS. On November 8, 2004, Petitioner forwarded to the Court a "Notice of Failure to Comply with Court's Order" (which advised the Court of trial counsel's failure to prvide Petitioner with certain requested materials including the grand jury transcript), and a "Request for Sworn Declaration Regarding Possession of Requested Transcripts" (which set forth several questions for trial counsel to respond to by sworn affidavit). No action was or had been taken by the Court concerning Petitioner's Notice, nor has trial counsel submitted any sworn affidavit in response to petitioner's Request.

As the government has plainly pointed out, Petitioner has "doggedly" maintained that Petitioner has not at any time been provided a copy of the grand jury transcript by trial counsel. Moreover, it is notedly conspicuous that trial counsel has yet to personally respond - on the record - and unequivocably state that he has forwarded Petitioner a copy of the grand jury transcript requested. Coupled with Petitioner's own sworn affidavit averring

that trial counsel has not provided the grand jury transcript requested, which must now be taken as fact pursuant to F.R.Civ.P. Rule 8(d), all of the foregoing facts and matters compel this Court to accept and find that Petitioner has not received the materials trial counsel was and/or is obligated to provide.

**CONCLUSION**

In any case where it is shown that an "assumed fact" upon which a judicial determination rests does not exist, then it logically follows that such determination legally and lawfully must be reversed. Petitioner here presents just such a case. Thus the government's objection should be overruled and disregarded, and in the interests of justice Petitioner's motion should be GRANTED.

January 18 2006

Respectfully Presented,

ALBERT J. SLINEY, pro se
BOP REG. NO. 04965-070
FCI RAY BROOK
P.O. BOX 9006
RAY BROOK, NEW YORK 12977

**CERTIFICATE OF SERVICE**

I, ALBERT J. SLINEY, do so hereby affirm under penalty of perjury, pursuant to 28 U.S.C. § 1746(1), that a true and correct copy of the foregoing has been forwarded to Zechariah Chafee, A.U.S.A -50 Kennedy Plaza, 8th Flr. -Providence, RI 02903.

ALBERT J. SLINEY, pro se