UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALBERT J. SLINEY,<br>Petitioner, | : | |
| -vs- | : | Civ. Action. No.:05-033 ML |
| UNITED STATES OF AMERICA,<br>Respondent. | : | |

PETITIONER'S MOTION TO THE COURT FOR

PROMPT RULING ON PETITIONER'S § 2255 MOTION

COMES NOW, I, ALBERT J. SLINEY, (hereinafter 'Petitioner'), the Petitioner in the above styled cause, whom pursuant to the Rules governing section 28 U.S.C. § 2243, hereby respectfully moves upon this Honorable Court to expeditiously act on Petitioner's motion made pursuant to 28 U.S.C. §2255, pending before this court since February 28, 2005, the Petitioner has a clear and indisputable right to have his petition expeditiously heard and decided on by this Honorable Court.

Petitioner filed a motion made pursuant to 28 U.S.C. § 2255, that motion was filed February 28, 2005, and the attorney for the government filed their response to Petitioner's motion 2255 on April 12, 2005, and on April 22, 2005, the Petitioner responded to the governments Objection.

However, it has now been over fifteen (15) months without resolution of Petitioner's last submission to the court April 22, 2005, therefore the Petitioner is now requesting that this court rule promptly on Petitioner's motion to avoid Appellate Court intervention at this gesture, the Petitioner has a legal right to be heard promptly by this court and is hereby relying on (1) the

Rules Governing Section 28 U.S.C. § 2243, stating in pertinent part; That the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

(2) Manard v. United States District Court for Southern District of Iowa, 490 U.S. 296, 308 (1989), stating that there is no doubt that where a district court persistently and without reason refuses to adjudicate a case properly before it, the Court of Appeals may issue a writ in order that [it] may exercise the jurisdiction of review given by law.

(3) Glynn v. Donnelly, 407 F.2d 95, at 99 (1st Cir. 1972), stating that habeas corpus "is a speedy remedy, entitled by statute to special, preferential consideration." manifests policy that habeas petitiones are to be heard promptly.

(4) All Writs Act, pursuant to Title 28 U.S.C. § 1651. Pp. 298-300. ... All requiring the District Courts to promrtly rule forthwith on the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255, it has long been settled that the District Court's continued failure to rule promptly on certain issues presented before them has already significantly harmed the Petitioner. The Court's continued failure to rule on the issues is likely to cause additional irrepairable harm to the Petitioner. ... The District Court's continued delay in deciding the Petitioner's Writ for Petition of Habeas Corpus § 2255 will more then likely cause further damage. ...' Justice delayed is Justice denied'.

WHEREFORE, based upon all of the foregoing, Petitioner respectfully prays for this Honorable Court to GRANT Petitioner's within motion and promptly rule expeditiously on Petitioner's 2255 motion before the court since February 28, 2005, and GRANT to Petitioner all other relief this Honorable Court may deem Petitioner to be entitled.

So done this 3 day of August 2006

Respectfully Presented,
Albert J. Sliney, Pro-se
BOP Reg. No.:04965-070

## Certificate Of Service

I, ALBERT J. SLINEY, 'Petitioner' the Petitioner in the above captioned matter and the undersigned herein, does so hereby affirm under the pain and penalty of perjury, pursuant to 28 U.S.C. § 1746(1), that a true and correct copy of this within motion has been forwarded to the following being properly packaged with adequate first class postage affixed thereupon, was given to a facility unit Officer to be mailed to:

United States Attorney's Office
assistant U.S. Attorney
Donald Lockhart, 'AUSA'
50 Kennedy Plaza, 8th Floor
Fleet Center
Providence, Rhode Island 02903

Respectfully Presented,
Albert J. Sliney, Pro-se
BOP Reg.No.:04965-070