UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALBERT J. SLINEY, Appellant, | ) | |
| vs. | ) | C.A. No. 05-033-ML |
| UNITED STATES OF AMERICA, Appellee. | ) | |

MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY

Comes now I, ALBERT J. SLINEY ('Appellant') the Appellant in the above captioned matter, whom respectfully requests that this Court issue a Certificate of Appealability in the above styled cause. In support of granting this motion, Appellant provides the following facts and matters:

1. The Appellant moved in this Court, pursuant to 28 U.S.C. § 2255 ('§ 2255'), for a Writ of Habeas Corpus challenging the validity of Appellant's current federal conviction for violations of 18 U.S.C. §§ 922(g) and 924(c).

2. This Court on September 12, 2006 issued a MEMORANDUM AND ORDER ('ORDER') denying and dismissing Appellant's § 2255 motion.

3. On October 31, 2006, Appellant submitted for filing a Notice of Appeal from the ORDER of this Court denying and dismissing Appellant's § 2255 motion.

4. Appellate review from this Court's ORDER denying and dismissing § 2255 motion, is not possible without the issuance of a Certificate of Appealability. See 28 U.S.C. § 2253(c); F.R.A.P. Rule 22(b).

5. Appellant intends to raise on appeal the following points, as the facts and law show that jurists of reason could reach a different conclusion or determination on the Points presented herein, then as indicated or expressed in the District Court's MEMORANDUM AND ORDER dismissing Appellant's § 2255 motion:

I. WAS APPELLANT PREJUDICED BY COUNSEL'S ERROR AND THUS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, WHERE TRIAL COURT HAS DETERMINED THAT COUNSEL'S FAILURE TO MOVE PRIOR TO TRIAL FOR SUPPRESSION OF INCULPATORY STATEMENTS OBTAINED IN VIOLATION OF MIRANDA RULE WAS ERROR THAT RENDERED COUNSEL'S PERFORMANCE DEFICIENT, AND WHERE THE DIRECT CONSEQUENCE OF COUNSEL'S ERROR WAS THAT INCULPATORY STATEMENTS WERE ADMITTED INTO EVIDENCE AND USED TO SECURE CONVICTION?

II. DID THE DISTRICT COURT COMMIT FUNDAMENTAL ERROR IN ADMITTING INTO EVIDENCE AND ALLOWING THE PROSECUTION TO USE IN ITS CASE IN CHIEF, STATEMENTS THAT THE DISTRICT COURT KNEW HAD BEEN OBTAINED IN VIOLATION OF MIRANDA RULE, AND, IN DOING SO, DEPRIVE APPELLANT OF FIFTH AMENDMENT RIGHTS?

WHEREFORE, Appellant prays this Honorable Court issue a Certificate of Appealability for review on all of the above points.

October 31, 2006

Respectfully Presented,

[signature]

ALBERT J. SLINEY, pro se
BOP REG. NO. 04965-070
FCI RAY BROOK
P.O. BOX 9006
RAY BROOK, NEW YORK 12977

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALBERT J. SLINEY, Appellant, | ) | |
| vs. | ) | C.A. No. 05-033-ML |
| UNITED STATES OF AMERICA, Appellee. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY

I, ALBERT J. SLINEY ('Appellant'), whom having been denied a motion brought pursuant to 28 U.S.C. § 2255 ('§ 2255'), did timely move this Honorable Court for a Certificate of Appealability ('COA'). Appellant's motion for COA requests certification for appellate review on two Points. Those two Points are now set forth herein below with facts, legal authorities, and discussions, in support of their certification for appeal.

### POINT ONE:

WAS APPELLANT PREJUDICED BY COUNSEL'S ERROR AND THUS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, WHERE TRIAL COURT HAS DETERMINED THAT COUNSEL'S FAILURE TO MOVE PRIOR TO TRIAL FOR SUPPRESSION OF INCULPATORY STATEMENTS OBTAINED IN VIOLATION OF MIRANDA RULE WAS ERROR THAT RENDERED COUNSEL'S PERFORMANCE DEFICIENT, AND WHERE THE DIRECT CONSEQUENCE OF COUNSEL'S ERROR WAS THAT INCULPATORY STATEMENTS WERE ADMITTED INTO EVIDENCE AND USED TO SECURE CONVICTION?

### ANSWERS PROVIDED AND/OR INDICATED BY LEGAL PRECEDENCE:

Based on the principles and reasoning articulated in governing case law precedence, there is ample legal ground to support a conclusion that Appellant was indeed prejudiced by trial counsel's deficient performance and the errors resulting therefrom.

FACTS RELEVANT TO POINT ONE:

On September 24, 2006 a MEMORANDUM AND ORDER ('ORDER') was issued by the Hon. Mary M. Lisi, Judge ('Judge Lisi'), U.S. District Court ('District Court'), which denied and dismissed Appellant's § 2255 motion on all claims. One of the two claims raised in Appellant's § 2255 motion was that of ineffective assistance of counsel.

In ruling upon the merits of Appellant's ineffective assistance of counsel claim the District Court concluded that, although counsel's error in failing to move prior to trial for the suppression of inculpatory statements/confession obtained in violation of Miranda rule constituted deficient performance, nonetheless Appellant was not thereby prejudiced by counsel's error and thus the claim of ineffective assistance of counsel could not therefore be sustained.

The question the District Court stated was necessary to answer before making the determination of whether prejudice resulted from counsel's error was, whether the result of the proceeding would have been different but for attorney's error, or put another way, whether counsel's performance was so prejudicial as to undermine confidence in the outcome of the trial . . . and the fundamental fairness of the result. (See Judge Lisi's ORDER at 16). In determining this question the only factor taken into consideration by the District Court was, "how critical Sliney's [Appellant's] statements were to the Government's case." (See Judge Lisi's ORDER at 16). Subsequently an assessment was made by Judge Lisi that the "quantity" of the evidence offered by the Government - apart from Appellant's statements - was "substantial",

and that even if counsel had successfully precluded evidence of Appellant's statements, the Government's remaining evidence would have been "sufficient to permit the jury to find" Appellant guilty of the crime charged. (See Judge Lisi's ORDER at 17).

DISCUSSION:

In Miranda v. Arizona, 384 U.S. 436 (1966) the United States Supreme Court ('Supreme Court') established "concrete constitutional guidelines for LAW ENFORCEMENT AGENCIES AND THE COURTS TO FOLLOW." Id. 384 U.S. at 442 (emphasis added). Those guidelines are: the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safegards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by the law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. 384 U.S. at 444. In Miranda the Supreme Court as well expressed that, "No distinction can be drawn between statements which are direct confessions and statements which amount to "admissions" of part or all of an offense. The privilege against self-incrimination protects the individual from being compelled to incriminate himself in any manner; it does not distinguish degrees of incrimination." Id. 384 U.S. at 476.

As the facts stated above evince, Appellant's confession was obtained, admitted into evidence, and used by the prosecution in its case-in-chief, all in violation of the clear guidelines of Miranda. Based on facts, it as well can not be disputed that Appellant's confession was lawfully inadmissible evidence, and

that the cause - in whole or in part - for the erroneous admission of that confession into evidence for use against Appellant at trial, was directly attributable to counsel's error of failing to move pretrial to suppress that confession. Thus, it would be cavil to deny that, but for counsel's error Appellant's confession would not have been able to be used against Appellant at trial.

The standard to be applied in defining the question to be asked when assessing the prejudice resulting from counsel's error, is explicitly provided for by governing precedence. In Strickland v. Washington, 466 U.S. 668 (1984) the Supreme Court establish the principle test or standard a defendant must meet in order to show that prejudice resulted from counsel's errors. The standard enunciated by the Supreme Court is:

> "The defendant must show that there is a REASONABLE PROBABILITY that, but for counselor's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME."

Id. 466 U.S. at 694 (emphasis added). The Supreme Court as well went on to define the appropriate question the standard would require to be asked, when a defendant is challenging a conviction:

> "When a defendant challenges a conviction, the question is WHETHER THERE IS A REASONABLE PROBABILITY that, absent the errors, THE FACTFINDER WOULD HAVE HAD A REASONABLE DOUBT RESPECTING GUILT."

Id. 466 U.S. at 695 (emphasis added). The Supreme Court further stated that:

> "In making this determination, a court hearing an ineffectiveness claim MUST consider the totality of the evidence before the judge or jury. Some of the factual findings will have been uneffected by the errors, and factual findings that were affected will have been affected in different ways. . . . Moreover, A VERDICT OR CONCLUSION ONLY WEAKLY SUPPORTED BY THE RECORD IS MORE LIKELY TO HAVE BEEN EFFECTED BY ERRORS

> THAN ONE WITH "OVERWHELMING" RECORD SUPPORT. . . . MOST IMPORTANT, in adjudicating a claim of actual ineffectiveness of counsel, A COURT SHOULD KEEP IN MIND THAT THE PRINCIPLES WE HAVE STATED DO NOT ESTABLISH MECHANICAL RULES. . . . IN EVERY CASE THE COURT SHOULD BE CONCERNED WITH WHETHER, despite the strong presumption of reliability, THE RESULT of the particular proceeding IS UNRELIABLE BECAUSE OF A BREAKDOWN IN THE ADVERSARIAL PROCESS THAT OUR SYSTEM COUNTS ON TO PRODUCE JUST RESULTS."

Id. 466 U.S. at 695 (emphasis added).

Where the above stated standard, question and general guidance are employed to resolve the Point here presented for certification, controlling precedence clearly advocates that there is substantial authority to allow for a ruling in Appellant's favor.

It has been stated by the Supreme Court that in federal criminal trials, wherever a question arises whether a confession is voluntary,[1] THE ISSUE IS CONTROLLED BY THE SELF-INCRIMINATION CLAUSE OF THE FIFTH AMENDMENT, and that IF A CONFESSION IS FOUND TO HAVE BEEN ILLEGALLY ADMITTED, REVERSABLE ERROR WILL RESULT.[2] Since the prosecution cannot on the one hand offer evidence to prove guilt, which evidence by the very offer is vouched for as tending to that end, and on the other hand, FOR THE PURPOSE OF AVOIDING THE CONSEQUENCE OF THE ERROR CAUSED BY ITS WRONGFUL ADMISSION, BE HEARD TO ASSERT THAT THE MATTER OFFERED AS A CONFESSION WAS NOT PREJUDICIAL BECAUSE IT DID NOT TEND TO PROVE GUILT.

Bram v. United States, 168 U.S. 532 (1897) (emphasis added).

---

1 Appellant has not been afforded an evidentiary hearing and the opportunity to be fully heard, as to whether confession was voluntarily given. See Miller v. Fenton, 474 U.S. 104, 112 (1985).

2 The "Miranda exclusionary rule" is said to "sweep more broadly than the Fifth Amendment itself," Triggering exclusion of defendant's statements "even in absence of a Fifth Amendment violaiton" on the basis of a "prophylactic", "irrebuttable presumption" of compulsion. Oregon v. Elstad 470 U.S. 298 (1985).

This reasoning, though modified to some extent to fit the situation to which it is applied, was held to by the Supreme Court in Miranda.

In Miranda the Fifth Amendment right to not be compelled to incriminate oneself was the central focus of the Supreme Court. Also it is evident by the holding of Miranda that a violation of the right against self-incrimination is at minimum an error of constitutional magnitude, being both a violation of the self-incrimination and due process clauses of the Fifth Amendment. The facts presented herein make it obvious that a blatant violation of Appellant's right against self-incrimination, and right to due process, have occurred as a result of counsel's errors. Hence, counsel's error is one of constitutional magnitude. However, the argument might be made that counsel's error was simply nonconstitutional as well. But a study of legal precedence involving both situations, as they relate to the error made by Appellant's counsel, would lead to only one lawfully justifiable conclusion - counsel's error was of constitutional magnitude and prejudicial.

Where counsel's error is deemed to be of constitutional magnitude, then the standard used to determine the prejudice resulting from that error is that, "before a federal constitutional error can be held harmless, the court MUST be able to declare a belief that it was HARMLESS BEYOND A REASONABLE DOUBT." Chapman v. California, 386 U.S. 18, 24 (1967) (emphasis added). In so doing, it MUST be determined whether it has been demonstrated by the Government that the error DID NOT CONTRIBUTE TO THE CONVICTION. Id. 386 U.S. at 26. It can hardly be said that Judge Lisi's

ORDER expresses a belief meeting Chapman's resonable doubt requirement, nor does it propose that the Government even alleged that counsel's error did not contribute to Appellate's conviction. Furthermore, in light of the Supreme Court's opinion in Arizona v. Fulminante, 499 U.S. 279 (1991), all doubts as to whether counsel's error was not harmless or contributed to Appellant's conviction, is decisively put to rest by the following statements:

> "A confession is like no other evidence. Indeed, 'the defendant's own confession is probably THE MOST PROBATIVE AND DAMAGING EVIDENCE THAT CAN BE ADMITTED AGAINST HIM. . . . [T]he admissions of a defendant come from the actor himself, the most knowledgeable and unimpeachable source of information about his past conduct. Certainly, CONFESSIONS HAVE PROFOUND IMPACT ON THE JURY, SO MUCH SO THAT WE MAY JUSTIFIABLY DOUBT ITS ABILITY TO PUT THEM OUT OF MIND EVEN IF TOLD TO DO SO."

Id. 499 U.S. at 296 (emphasis added). The final nail to be driven into the proverbial coffin here is done so by the First Circuit where it states, "[A]ll evidence is meant to be prejudicial; it is only unfair prejudice which must be avoided." United States v. Rodriquez-Estrada, 877 F.2d 153, 156 (1st Cir. 1989). Thus, where it is easily conceivable that Appellant's illegally obtained confession could well have been "the clincher" for the jury to find Appellant guilty, then the presenting of that confession as evidence of guilt cannot be considered harmless beyond a reasonable doubt. See Coppola v. Powell, 878 F.2d 1562 (1st Cir. 1989). Therefore, the prejudice derived from counsel's error cannot reasonably be denied.

Where counsel's error is not deemed to be of constitutional magnitude, then the test used to determine prejudice is, whether the court can conclude "with fair assurance, after pondering all that happened WITHOUT stripping the erroneous action from the

whole, that the judgment was not substantially swayed by the error." Kotteakos v. United States, 328 U.S. 6750, 764-765 (1946) (emphasis added). A reviewing court would not need to tarry long under this test to find prejudice from counsel's error, for it cannot be denied that Appellant's confession substantially swayed the jury's verdict.

Now then, there is but one last facet which beckons illumination. Neither does Kotteakos, Chapman, nor First Circuit precendence permit finding counsel's error harmless or nonprejudicial, if and when such finding is based on the conclusion there is "sufficient or substantial evidence - apart from that resulting from the error - upon which Appellant's conviction could be sustained."

Under Kotteakos the standard applied to determine prejudice "requires" the evidence to be reviewed "without" stripping the erroneous action from the whole. Id. 328 U.S. at 764-765. Thus, a literal reading and application of the Kotteakos standard bars a finding in the aforesaid manner.

Under the Chapman standard - which is indistinguishable in purpose as that established in Strickland - reliance upon the remaining evidence from which an admitted error has been stripped, as well will not suffice to allow a finding of nonprejudice. To this end the First Circuit has spoken extensively. "We are not concerned here with whether there was sufficient evidence on which petitioner could have been convicted without the evidence complained of. The question is whether there is a reasonable probability that the evidence complained of might have contributed to the conviction." U.S. v. Argentine, 814 F.2d 783, 789 (1st Cir. 1987) (quoting Fahy v. Connecticut, 375 U.S. 85, 86-87,

(1963)); Accord Chapman, 386 U.S. at 23-24 (explicitly approving the "reasonable possibility" standard announced in Fahy). "It is not enough that there was evidence before the jury from which [] guilt could reasonably be deduced. . . . NOR IS IT ENOUGH THAT THIS EVIDENCE SEEMS STRONG TO US. Fahy, Chapman, and their progeny plainly eschew a "correct result" test. The existence of some reasonable possibility that error of constitutional dimension influenced the jury in reaching a verdict - a reasonable possibility as opposed to one that is fanciful, chimerical, or purely speculative - demands that a conviction be vacated. . . . As with guilt or nonguilt, if reasonable doubt persists as to the harmlessness of such error, the accuse should have the benefit of it." Argentine, 814 F.2d at 789 (citation omitted) (emphasis added); United States v. Marau, 947 F.2d 520, 526 n. 8 (1st Cir. 1991). See also United States v. Flores, 968 F.2d 1366, 1372 (1st Cir. 1992). "Under this standard, we will only find harmless error when the untainted evidence, standing alone, provides OVERWHELMING EVIDENCE of defendant's guilt. Clark v. Moran, 942 F.2d 24, 27 (1st Cir. 1991) (emphasis added). "In conducting this inquiry, we MUST CONSIDER THE EVIDENCE AS A WHOLE, WEIGHING THE EFFECT OF THE TAINTED EVIDENCE AGAINST THE EFFECT OF THAT EVIDENCE WHICH WAS PROPERLY ADMITTED. Id. (citing Lacy v. Gardino, 791 F.2d 980, 986 (1st Cir. 1986).

Based on the foregoing, it must be considered to be well settled that the test is not whether there is "substantial evidence" to show guilt - the standard used by the Judge Lisi, but whether there is "OVERWHELMING EVIDENCE" of guilt to find beyond a reasonable doubt there was no reasonable probability that prejudice occurred.

This standard is most telling when it is applied to evaluate the effect counsel's error had on the fairness of Appellant's trial. To be sure, there is more than a "reasonable probability" that the use of Appellant's illegally obtained confession, all but assured that the jury would not return any verdict other than that of guilty.

As the Supreme Court has spoken, "Our decisions have emphasized that the Sixth Amendment right to counsel exists 'in order to protect the fundamental right to a fair trial.'" Lockhart v. Fretwell, 506 U.S. 364, 122 L.Ed.2d 180, 188 (1993) (citing Strickland supra at 684); Nix v. Whiteside, 475 U.S. 157, 175 (1986) (noting that under Strickland, the "benchmark" of the right to counsel is the "fairness of the adversary proceeding"). Thus, "the right to effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." Fretwell, 122 L.Ed.2d 180, 188 (citing United States v. Cronic, 466 U.S. 648 658 (1984).

The ORDER of the District Court gave very little attention to the effect Appellant's illegally obtained confession had on the fairness of Appellant's trial. The District Court's attention was given primarily to an "outcome of the proceedings" analysis. Again, the Supreme Court has provided clarification on this matter for the reviewing court which conducts this type of circumscribed analysis:

> "Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."

Fretwell, 122 L.Ed.2d 180, 189. Finally, the ORDER of the District Court did not ponder the fact that counsel's error, in allowing

Appellant's illegally obtained confession to be used at trial, deprived Appellant of the right protecting against self-incrimination and the right to due process. The deprivation of those rights, due to counsel's error, must bring into question both the reliability and fairness of Appellant's trial:

> "UNRELIABILITY or UNFAIRNESS DOES not RESULT IF THE INEFFECTIVENESS OF COUNSEL DOES not DEPRIVE THE DEFENDANT OF ANY SUBSTANTIVE OR PROCEDURAL RIGHT TO WHICH THE LAW ENTITLES HIM."

Fretwell, 122 L.Ed.2d 180, 189 (emphasis added). See also Schneckloth v. Bustamonte, 412 U.S. 218, 240 (1973) (Miranda "Court made it clear that basis for the decision was the need to protect the fairness of the trial itself"). "[A] defendant need NOT show that counsel's deficient conduct more likely than not altered the outcome of the case. The Court found this 'outcome-determative' standard imposed too heavy a burden on defendants, and that its use [is] not a appropriate." Nealy v. Cabana, 764 F.2d 1173, 1178 (5th Cir. 1985) (citing Strickland, 104 S.Ct. at 2068-2069).

As Appellant has now shown, Point One above should be Certified for appeal.

POINT TWO:

DID THE DISTRICT COURT COMMIT FUNDAMENTAL ERROR IN ADMITTING INTO EVIDENCE AND ALLOWING THE PROSECUTION TO USE IN ITS CASE IN CHIEF, STATEMENTS THAT THE DISTRICT COURT KNEW HAD BEEN OBTAINED IN VIOLATION OF MIRANDA RULE, AND, IN DOING SO, DEPRIVE APPELLANT OF FIFTH AMENDMENT RIGHTS?

ANSWERS PROVIDED AND/OR INDICATED BY LEGAL PRECEDENCE

It is well settled that statements elicited from an in custody suspect, without Miranda warnings having first been given, must be excluded from prosecution's case in chief, and subsequent use of such statements by prosecution in its case in chief violates

Fifth and Sixth Amendment rights.

FACTS RELEVANT TO POINT TWO:

The District Court issued an ORDER dismissing Appellant's § 2255 motion which included several claims of the violation of due process. The District Court contended that, as a threshold matter, such claims were not cognizable on collateral review. However, the District Court proceeded to address Appellant's due process claims, stating that each claim lacked any merit which could justify granting the relief sought. Appellant deals with only the second and third of those claims here.

On Appellant's second due process claim, the District Court opines that the obtaining of Appellant's inculpatory statements - which the District Court readily admits were obtained in violation of Miranda rule - did not violate due process, because the District Court surmised that the "evidence" showed Appellant's inculpatory statements were "voluntarily" given. (See Judge Lisi's ORDER at 22). On Appellant's third due process claim, the District Court concluded that the subsequent use of Appellant's statements at trial did not violate due process, because no motion to suppress the statements was made before trial, and District Court denied oral motion to suppress made mid-trial by counsel.[3] Furthermore, "evidence" of the statements were otherwise "reliable", since "evidence" of

3 District Court's ORDER failed to provide any overriding legal support - in light of acknowledged Miranda violation - specifying the legal premise and authority which could lawfully justify allowing Appellant's inculpatory statements to be used in the prosecutions case in chief, when the District Court was well aware of the binding precedence of Miranda which prohibited such action.

such statements came by way of testimony of two separate police officers.[4] (See Judge Lisi's ORDER at 22-23).

DISCUSSION:

As an initial matter, Appellant respectfully begins discussion here, by affirming the correctness of the District Court's action in addressing Appellant's due process claims. Appellant's due process claims were perfectly cognizable on collateral review via § 2255 motion, as was made clear in Withrow v. Williams, 507 U.S. 680, 123 L.Ed.2d 407, 420 (1993) ([E]liminating habeas review of Miranda issues would not prevent a [federal] prisoner from simply converting his barred Miranda claim into a due process claim that his conviction rested on an involuntary confession). Unfortunately, however, the District Court after reviewing Appellant's due process claims, stood convinced those claims lacked merit. But Supreme Court and First Circuit precedence say otherwise.

To begin with, Appellant's inculpatory statements obtained in violation of the Miranda rule should not have been admitted into evidence at trial. Since the Supreme Court announced its landmark decision in Miranda supra, the use of all statements obtained without first administering the proper "warnings" prescribed in holding of Miranda - with some exceptions - have been excluded from use at trial against the declarant of those statements:

> "Unless the prosecution can demonstrate the warnings and waiver as a threshold matter, we held, it may not overcome an objection to the use at trial of statements obtained from that person in any ensuing custodial interrogation."

Williams, 123 L.Ed.2d at 415 (citing Miranda, 384 U.S. at 479);

---

4 The ORDER of the District Court does not point to, nor specifically

U.S. v. Genao, 281 F.3d 305, 310 (1st Cir. 2002) (Despite the lack of actual coercion, it is a constitutional rule that a confession resulting from custodial interrogation not preceded by appropriate warnings is normally inadmissable against the speaker. (citation omitted)); See also U.S. v. Faulkingham, 295 F.3d 85, 90 (1st Cir, 2002) (It is also clear, however, that Faulkingham's statements were obtained in violation of the Fifth Amendment because he was not given a Miranda warning. AS THE DISTRICT COURT CORRECTLY DECIDED, HIS STATEMENTS TO THE AGENTS SHOULD THEREFORE BE SUPPRESSED. (emphasis added)).

This is so because "without proper safeguards the process of in-custody interrogation . . . contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." Miranda, 384 U.S. at 467. Thus, "in protecting a defendant's Fifth Amendment privilege against self-incrimination Miranda safeguards 'a fundamental trial right.'" Williams, 123 L.Ed.2d at 419 (citation omitted); See also Schneckloth v. Bustamonte, 412 U.S. 218, 240 (Miranda "Court made it clear that the basis for decision was the need to protect fairness of the trial itself"). This rational formed the basis for the exclusionary rule of Miranda.

The Miranda exclusionary rule, however, serves the Fifth Amendment and sweeps more broadly than the Fifth Amendment itself. . . . The Fifth Amendment prohibits use by the prosecution

---

express, exactly what proven facts were relied upon to conclude that Appellant's statements - acknowledged as having been given in response to interrogation - were voluntary.

in its case in chief only of compelled testimony, [and] failure to administer Miranda warnings create a presumption of compulsion. Oregon v. Elstad, 470 U.S. 298, 306-307 (1985) (emphasis in original). Thus, "the use of [any] admissions obtained in absence of the required warnings [is] a flat violation of the Self-Incrimination Clause of the Fifth Amendment. . . ." Elstad, 470U.S. at 349 (citing Orozco v. Texas, 394 U.S. 324, 326 (1969)). The [Supreme] Court holds squarely that there is an "irrebuttable" presumption that such confessions [obtained in violation of Mirada] are indeed coerced and are therefore inadminssable under the Fifth Amendment except in narrow circumstances. Ibid. A Miranda violation does not constitute coercion but rather affords a bright-line, legal presumption of coercion, requiring suppression of all unwarned statements. Elstad, 470 U.S. at 308 n. 1 (emphasis in original).

In light of the foregoing facts and legal authorities, the District Court's admitting into evidence Appellant's inculpatory statements obtained in violation of Miranda rule, over the objection of Appellant's counsel, violated Appellant's rights to a fair trial and to due process.

> "[T]he admission in evidence, over objection, of coerced confession vitiates the judgment because it violates the Due Process Clause of the [Fifth] Amendment."

Payne v. Arkansas, 356 U.S. 568 (1958). "In all cases, that kind of procedure is due process of law which is suitable and proper to the nature of the case, and sanctioned by the established customs and usages of the courts." Ex parte Wall, 107 U.S. 265, 289 (1883).

CONCLUSION:

The District Court has rejected the constitutional claims Appellant raised in his § 2255 motion on the merits. In order for Appellant to be granted a COA, Appellant must have demonstrated that reasonable jurists would find the District Courts assessment of those constitional claims debatable or wrong. Appellant contends that the facts and legal precedence cited herein have met that burden. For this reason Appellant should be granted the relief requested below.

REQUESTED RELIEF:

WHEREFORE, based upon all of the foregoing, Appellant prays this Honorable Court grant a Certificate of Appealability certifying for appeal, both Points presented and discussed herein, and all other relief this Honorable Court may deem Appellant to be entitled.

October 31, 2006

Respectfully Presented,

[signature]

ALBERT J. SLINEY, pro se
BOP REG. NO. 04965-070
FCI RAY BROOK
P.O. BOX 9006
RAY BROOK, NEW YORK 12977

# CERTIFICATE OF SERVICE

I, ALBERT J. SLINEY, do hereby affirm under penalty of perjury, pursuant to 28 U.S.C. § 1746(1), that true and correct copies of the NOTICE OF APPEAL, MOTION FOR CERTIFICATE OF APPEALABILITY, and MEMORANDUM IN SUPPORT, have all been properly packaged with adequate postage affixed thereupon, and given to the appropriate staff member of FCI RAY BROOK to be deposited in the U.S. mail and delivered to:

Zachariah Chafee, AUSA
United States Attorney Office
50 Kennedy Plaza, 8th FL
Fleet Center
Providence, Rhode Island 02903

So done this 31 day of October, 2006.

[signature]
ALBERT J. SLINEY, pro se
BOP REG. NO. 04965-070
FCI RAY BROOK
P.O. BOX 9006
RAY BROOK, NEW YORK 12977

Certified Mail # ____________________